IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CAREY FAUST,

                          Plaintiff

          VS.

ALEXIS CHASE, *et al.*,

                          Defendants

NO. 5:05-CV-295 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Before the court is the defendants' motion seeking summary judgment against plaintiff CAREY FAUST in the above-styled case. Tab #41. On June 6, 2006, the undersigned notified plaintiff Faust that a motion for summary judgment had been filed against him and ordered him to file a response to that motion within thirty days of that order. Tab #44. The plaintiff has failed to respond to the defendant's motion. Hence, defendants' motion is UNCONTESTED. However, it is the obligation of the court to ensure that the standards for summary judgment are met before a motion can be granted.

### SUMMARY JUDGMENT STANDARD

As previously indicated to the plaintiff in the court's notice (Tab #44), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

Plaintiff FAUST has failed to respond to defendant's motion for summary judgment despite specific direction from the court to do so. Accordingly, upon consideration of the defendants' motion and the other records provided, this court finds the facts as set forth by the defendants in their Statement of Undisputed Material Facts (Tab #41) and further finds that there is no genuine dispute on any issues raised by plaintiff FAUST.

The plaintiff alleges that the defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. He also alleges that the defendants violated the Americans with Disabilities Act by not providing proper medical care and proper accommodations for the plaintiff who is paraplegic.

The plaintiff's claims are not substantiated by the evidence in the record. The defendant have submitted a brief, and affidavit and hundreds of pages of medical records in support of their motion, and have provided special reports through the course of this litigation (Tabs #33 and #37/#38). The evidence shows that the plaintiff's constitutional rights were not violated by the defendants. Additionally, the defendants have provided evidence tending to show that the prison 's conditions comply with the ADA and the plaintiff has provided no evidence to the contrary. Therefore, no deprivation of plaintiff's rights under 42 U.S.C. §1983 has been established.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #41) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **<u>LAST ADDRESS</u>** provided by him.

SO RECOMMENDED this 27th day of February, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE